FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

JAN 1 8 2017

BY
DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | **SEALED** |
| v. | § | 6:17CR_02_ |
| | § | |
| QUENTIN LEONTA BROWN (01) aka "Pooh" | § § | JUDGE _RC/KNM_ |
| SAIHAINE NIJEL FREEMAN (02) | § | |

## INDICTMENT

THE UNITED STATES GRAND JURY CHARGES:

### COUNT ONE

Violation: 21 U.S.C. § 846 (Conspiracy to distribute and possess with intent to distribute cocaine base, also known as crack cocaine)

Beginning in or about February, 2016, at a date unknown to the Grand Jury, and continuing thereafter through the date of this indictment, in Gregg County, Texas, in the Eastern District of Texas, and elsewhere, **Quentin Leonta Brown**, also known as **"Pooh,"** and **Saihaine Nijel Freeman**, Defendants herein, did knowingly and intentionally combine, conspire, confederate and agree together with each other and with others known and unknown to the Grand Jury, to knowingly and intentionally distribute and possess with intent to distribute 28 grams or more of a mixture or substance containing a detectable amount of cocaine base, also known as crack cocaine, a Schedule II controlled substance, in violation of the laws of the United States, to wit,

Indictment – Page 1

21 U.S.C. § 841(a)(1) prohibiting possession with intent to distribute and distribution of cocaine base, a Schedule II controlled substance.

OVERT ACTS

1. On or about February 5, 2016, at a residence on Fredonia Street, in Longview, Texas, **Quentin Leonta Brown**, also known as "**Pooh**," and **Saihaine Nijel Freeman** distributed approximately 25 grams of crack cocaine.  A pistol was present during the drug transaction.

2. On or about March 2, 2016, at a residence on Fredonia Street, in Longview, Texas, **Quentin Leonta Brown**, also known as "**Pooh**," and **Saihaine Nijel Freeman** distributed approximately 50 grams of crack cocaine.  A pistol was present during the drug transaction.

3. On or about April 3, 2016, **Quentin Leonta Brown**, also known as "**Pooh**," and another person discussed by telephone **Quentin Leonta Brown's** purchase of a handgun for $1,100.00.

4. On or about April 19, 2016, in Longview, Texas, **Quentin Leonta Brown**, also known as "**Pooh**," possessed approximately 2.37 grams of cocaine, 60 rounds of ammunition, and $5,132 in United States currency.

All in violation of 21 U.S.C. § 846.

## COUNT TWO

>Violation: 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 (Possession with intent to distribute cocaine base, also known as crack cocaine, and aiding and abetting)

On or about February 5, 2016, in Gregg County, Texas, in the Eastern District of Texas, **Quentin Leonta Brown**, also known as "**Pooh**," and **Saihaine Nijel Freeman**, Defendants herein, aided and abetted by one another, did knowingly, intentionally and unlawfully possess with intent to distribute and did distribute a mixture or substance containing a detectable amount of cocaine base, also known as crack cocaine, a Schedule II controlled substance.

In violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2.

## COUNT THREE

                                             Violation: 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 (Possession with intent to distribute cocaine base, also known as crack cocaine, and aiding and abetting)

On or about March 2, 2016, in Gregg County, Texas, in the Eastern District of Texas, **Quentin Leonta Brown**, also known as "**Pooh**," and **Saihaine Nijel Freeman**, Defendants herein, aided and abetted by one another, did knowingly, intentionally and unlawfully possess with intent to distribute and did distribute 28 grams or more of a mixture or substance containing a detectable amount of cocaine base, also known as crack cocaine, a Schedule II controlled substance.

In violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2.

## COUNT FOUR

>Violation: 18 U.S.C. § 924(c) and 18 U.S.C. § 2
>(Use, carrying, and possession of a firearm
>during and in furtherance of a drug trafficking
>crime and aiding and abetting)

On or about February 5, 2016, in Gregg County, Texas, in the Eastern District of Texas, **Quentin Leonta Brown**, also known as "**Pooh**," and **Saihaine Nijel Freeman**, Defendants herein, aided and abetted by one another, did knowingly and intentionally use, carry, and possess a firearm, to wit: a pistol, during and in furtherance of a felony drug trafficking crime for which they may be prosecuted in a court of the United States, that is, conspiracy to knowingly and intentionally distribute and possess with intent to distribute cocaine base, a Schedule II controlled substance, a violation of 21 U.S.C. § 846, as alleged in Count 1.

In violation of 18 U.S.C. § 924(c) and 18 U.S.C. § 2.

## COUNT FIVE

> Violation: 18 U.S.C. § 924(c) and 18 U.S.C. § 2 (Use, carrying, and possession of a firearm during and in furtherance of a drug trafficking crime and aiding and abetting)

On or about March 2, 2016, in Gregg County, Texas, in the Eastern District of Texas, **Quentin Leonta Brown**, also known as "**Pooh**," and **Saihaine Nijel Freeman**, Defendants herein, aided and abetted by one another, did knowingly and intentionally use, carry, and possess a firearm, to wit: a pistol, during and in furtherance of a felony drug trafficking crime for which they may be prosecuted in a court of the United States, that is, possession with intent to distribute and distribution of cocaine base, a Schedule II controlled substance, a violation of 21 U.S.C. § 841(a)(1), as alleged in Count 3.

In violation of 18 U.S.C. § 924(c) and 18 U.S.C. § 2.

## COUNT SIX

> Violation: 21 U.S.C. § 841(a)(1) (Possession with intent to distribute cocaine)

On or about April 19, 2016, in Gregg County, Texas, in the Eastern District of Texas, **Quentin Leonta Brown**, also known as "**Pooh**," Defendant herein, did knowingly, intentionally and unlawfully possess with intent to distribute approximately 2.37 grams of cocaine, a Schedule II controlled substance.

In violation of 21 U.S.C. § 841(a)(1).

## COUNT SEVEN

                                  Violation: 18 U.S.C. § 922(g)(1) (Felon in possession of ammunition)

On or about April 19, 2016, in Gregg County, Texas, in the Eastern District of Texas, **Quentin Leonta Brown**, also known as "**Pooh**," Defendant herein, did knowingly and unlawfully possess ammunition, specifically approximately 60 rounds of 5.56 mm ammunition, which ammunition had been shipped in interstate commerce, and the Defendant possessed the ammunition after having been convicted of crimes punishable by terms of imprisonment exceeding one year, specifically the felony offenses of:

    Assault, in Gregg County, Texas, in 1996;

    Delivery of a Controlled Substance, in Gregg County, Texas, in 1997;

    Possession of a Controlled Substance, in Gregg County, Texas, in 2000;

    Conspiracy to Possess with Intent to Distribute and Distribution of Cocaine Base in the Eastern District of Texas in 2002; and

    Possession of Marijuana, in Gregg County, Texas, in 2012.

In violation of 18 U.S.C. § 922(g)(1).

# NOTICE OF INTENT TO SEEK CRIMINAL FORFEITURE

## Pursuant to 18 U.S.C. § 924(d)(1), 21 U.S.C. § 853, and 28 U.S.C. § 2461

As the result of committing one or more of the foregoing offenses alleged in this Indictment, Defendants herein, shall forfeit to the United States pursuant to 18 U.S.C. § 924(d)(1), 21 U.S.C. § 853, and 28 U.S.C. § 2461 any property constituting, or derived from proceeds the person obtained directly or indirectly, as the result of such violation; and any and all personal property used or intended to be used to commit the offense, including but not limited to the following:

**Cash Proceeds**
Approximately $1,950 in United States currency and all interest and proceeds traceable thereto, in that such sum in aggregate is property constituting, or derived from, proceeds obtained directly or indirectly, as the result of the foregoing offenses alleged in this Indictment.

**U.S. Currency**
$5,132.00 seized from Quentin Leonta Brown on April 19, 2016.

**Ammunition**
Any and all firearms, ammunition, and accessories seized from defendant(s), including but not limited to the following:

60 rounds of Federal 5.56 Ball XM193 ammunition

**Substitute Assets**
If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant –

    (a)    cannot be located upon the exercise of due diligence;
    (b)    has been transferred or sold to, or deposited with a third person;
    (c)    has been placed beyond the jurisdiction of the court;
    (d)    has been substantially diminished in value; or

  (e)  has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), to seek forfeiture of any other property of defendant up to the value of the above forfeitable property, including but not limited to all property, both real and personal, owned by defendant.

By virtue of the commission of the offenses alleged in this Indictment, any and all interest the Defendants have in the above-described property is vested in the United States and hereby forfeited to the United States pursuant to 21 U.S.C. § 853, and 28 U.S.C. § 2461.

A TRUE BILL,

Date: 1-18-19

_____
FOREPERSON OF THE GRAND JURY

BRIT FEATHERSTON
ACTING UNITED STATES ATTORNEY

for _____
MARY ANN COZBY
ASSISTANT U.S. ATTORNEY

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | **SEALED** |
| v. | § | 6:17CR___ |
| | § | |
| QUENTIN LEONTA BROWN (01) | § | |
|   Aka "Pooh" | § | JUDGE _____ |
| SAIHAINE NIJEL FREEMAN (02) | § | |

## NOTICE OF PENALTY

### COUNTS ONE, TWO, THREE, AND SIX

Violation:    21 U.S.C. §§ 841(a)(1) and 846

Penalty:    If more than 28 grams of cocaine base, not less than 5 nor more than 40 years imprisonment, a fine not to exceed $5,000,000, or both, and supervised release of at least 4 years.

If this violation was committed after a prior conviction for a felony drug offense has become final, not less than 10 years nor more than life imprisonment, a fine of up to $10,000,000, or both – supervised release of at least 8 years.

If less than 28 grams of cocaine base or less than 500 grams of cocaine, not more than 20 years imprisonment, a fine not to exceed $1,000,000, or both, and supervised release of at least 3 years.

If this violation was committed after a prior conviction for a felony drug offense has become final, not more than 30 years imprisonment, a fine of up to $2,000,000, or both – supervised release of at least 8 years.

Special Assessment:    $100.00

Indictment – Page 10

## COUNTS FOUR-FIVE

| | |
|---|---|
| Violation: | 18 U.S.C. § 924(c) |
| Penalty: | Imprisonment for not less than 5 years nor more than life which must be served consecutively to any other term of imprisonment, a fine not to exceed $250,000, and supervised release of not more than 5 years. |
| | In the case of a second or subsequent conviction under this subsection, imprisonment for not less than 25 years nor more than life which must be served consecutively to any other term of imprisonment, a fine not to exceed $250,000, and supervised release of not more than 5 years. |
| Special Assessment: | $100.00 |

## COUNT SEVEN

| | |
|---|---|
| Violation: | 18 U.S.C. § 922(g)(1) |
| Penalty: | Imprisonment for not more than 10 years, a fine not to exceed $250,000, or both, and supervised release of not more than 3 years. |
| Special Assessment: | $100.00 |